IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANGELA BUKOVINSKY, *as Administrator*
*of the Estate of Riley Romeo*,

               Plaintiff,

v.                                      CIVIL ACTION NO.   2:20-cv-00044

HUNTINGTON BANK OF
WEST VIRGINIA, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Notice of Removal* (Document 1), *Defendant The Huntington National Bank's Partial Motion to Dismiss* (Document 8), and the *Memorandum of Law in Support of Defendant the Huntington National Bank's Partial Motion to Dismiss* (Document 9). For the reasons stated herein, the Court finds that Defendant Chad Prather should be dismissed from this action and declines to rule on the partial motion to dismiss.

**FACTUAL BACKGROUND**

On or about August 3, 1981, Riley Romeo purchased a Certificate of Deposit (C.D.) from the National Bank of Commerce of Charleston[1] in Charleston, Kanawha County, West Virginia. The C.D. said on its face that it was "Non-Transferable" and "Non-Negotiable," and bears the

---

[1] In the notice of removal, the Defendant makes clear that The Huntington National Bank is the correct Defendant. The two entities identified in the Complaint (National Bank of Commerce of Charleston and Huntington National Bank West Virginia) have merged into The Huntington National Bank. The Huntington National Bank is a wholly owned subsidiary of Huntington Bancshares Incorporated.

account number 173-8373-0-21 and C.D. account 18795.  The C.D. was in the original amount of $50,400.00 with 15.040 percent interest rate.  The C.D. is also marked as "renewable" and "payable only upon presentation and surrender of this certificate."  The C.D. was signed by both Riley Romeo and an authorized representative of "The National Bank of Commerce."

While cleaning her mother and father's house, the Plaintiff, Angela Bukovinsky, discovered the original C.D.  The Plaintiff then contacted and notified the Defendant, and the original C.D. was presented in accordance with the terms listed thereon.  The Plaintiff has no knowledge or record of the presentation and payment of the C.D. by her father, and the Defendant has no record of the C.D. being presented or cashed.  The Defendant referred the Plaintiff to the West Virginia State Treasurer's Office for unclaimed property, but the office had no records of the C.D.

On December 6, 2019, the Plaintiff filed the complaint in the Circuit Court of Kanawha County.  On January 17, 2020, the Defendant filed a notice of removal.  The Plaintiff has not filed a motion to remand, and the time period for filing such a motion has expired.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Additionally, allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

## DISCUSSION

A. *Fraudulent Joinder*

As an initial matter, Defendant Huntington National Bank asserts that Defendant Chad Prather was fraudulently joined. The fraudulent joinder doctrine "effectively permits a district

3

court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In order to show that a non-diverse party has been fraudulently joined, "the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. at 464.

Moreover, the party that asserts fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). The plaintiff needs only to have a "slight possibility of a right to relief" against a non-diverse defendant for jurisdiction to be improper in federal court. *Id.* at 426. If a court "identifies [a] glimmer of hope for the plaintiff['s claim], [then] the jurisdictional inquiry ends." *Id.* Lastly, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* at 424.

In this case, the Plaintiff alleges, with regard to Count I, that Mr. Prather is the West Virginia Regional President of Huntington National Bank. The Plaintiff's complaint states that the "terms of the C.D. are contractual and establish the formation of a valid enforceable contract between Riley Romeo and The National Bank of Commerce." (Compl. at ¶ 27.) The Plaintiff further asserts that the "Defendant Chad Prather as the West Virginia Regional President of [Huntington National Bank] in West Virginia failed to [ensure] that Huntington Bank of West

Virginia honored the obligation of the National Bank of Commerce, as the successor to the National Bank of Commerce." (Compl. at ¶ 34.)[2]  Defendant Prather is sued individually.

Defendant Huntington National Bank argues that Count I of the Plaintiff's complaint states a cause of action based on breach of contract, but that the Plaintiff fails to allege that Mr. Prather was a party to the contract.  Since Mr. Prather was not a party, the Defendant argues that Mr. Prather was fraudulently joined and cannot be held liable.

A claim for breach of contract cannot stand where there is no evidence of a contractual relationship between the parties.  See *Hart v. National Collegiate Athletic Ass'n*, 550 S.E.2d 79, 86 (W. Va. 2001).  "The fundamentals of a legal 'contract' are competent parties, legal subject-matter, valuable consideration, and mutual assent.  There can be no contract, if there is one of these essential elements upon which the minds of the parties are not in agreement."  Syl. Pt. 5, *Virginian Export Coal Co. v. Rowland Land Co.*, 131 S.E. 253 (W. Va. 1926).  In this case, the Plaintiff has failed to proffer any information establishing that Mr. Prather was a party to the contract at issue.  Mr. Prather did not issue the C.D., and there is no information establishing that Mr. Prather was even an employee of the bank at the time the C.D. was issued.  Therefore, there is no possibility that the Plaintiff could establish a cause of action against Mr. Prather, individually, in state court.  Accordingly, the Court finds that Mr. Prather was fraudulently joined and should be dismissed from this suit.

---

2 The Court notes that the Plaintiff did not file a response to the Defendant's notice of removal, which outlined the fraudulent joinder issue.  Therefore, the information provided in this paragraph is the extent of the information provided by the Plaintiff to support the joinder of Mr. Prather.

B. *Claim Dismissal*

Defendant Huntington National Bank also argues that Count II of the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. In Count II of the Complaint, the Plaintiff alleges that the instrument herein is a certificate of deposit as defined in W. Va. Code § 46-3-104(j). Although unlabeled and not expressly stating a cause of action, the Defendant argues that Count II appears to assert a cause of action under Article 3 of the Uniform Commercial Code (UCC). The Defendant argues, however, that Article 3 of the UCC only applies to negotiable instruments, and that the Plaintiff alleges that the C.D. is non-negotiable.

The Court finds that it is not clear that Count II states a separate cause of action from the breach of contract claim asserted in Count I of the complaint. The lack of clarity leaves both the Defendant and the Court to guess what cause of action, if any, the Plaintiff intends to assert in Count II. Given the information available through the pleadings at this point, it is not clear that *no possible* claim under Article 3 of the UCC may be asserted. A certificate of deposit is "an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a promise to repay the sum of money. A certificate of deposit is a note of the bank." W. Va. Code § 46-3-104(j). However, relevant to this suit, other provisions under Article 3 of the UCC provide for the obligation to pay a "promise" or a "note," tracking the definition of a certificate of deposit under the statute. See W. Va. Code § 46-3-108(a) ("A promise or order is 'payable on demand' if it (i) states that it is payable on demand or at sight . . ."); *Id.* at cmt. 2 ("Promissory note payable on demand becomes due and payable upon its delivery . . ."). However, given the lack of clarity provided in Count II of the complaint, the Court declines the

opportunity to speculate as to the nature of a separate claim, if any, and issues no ruling with respect to Count II.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that Defendant Chad Prather be **DISMISSED** from this case **and** that *Defendant The Huntington National Bank's Partial Motion to Dismiss* (Document 8) be otherwise **TERMINATED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 12, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA